IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:16mj341 |
| | ) | |
| CHADWICK STANLEY GHESQUIERE | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S MOTION AND MEMORANDUM OF LAW,
<u>PROFFER AND EVIDENCE IN SUPPORT OF DETENTION</u>**

Dana J. Boente, United States Attorney for the Eastern District of Virginia, Kevin M. Comstock, Assistant United States Attorney makes the following proffer and argument on the issue of detention pending trial.

**I.      The Nature of the Offense (Title 18, United States Code, Section 3142(g)(1)).**

The charge in this case is set forth in the complaint.  The federal Magistrate Judge found probable cause to believe that the defendant committed the offense of *Use a Communication Facility in the Commission of Murder-for-Hire*.

**II.     The Weight of the Evidence (Title 18, United States Code, Section 3142(g)(2)).**

The investigation involves video and audio recordings on three or more occasions, and evidence seized from two search warrants -- of his residence and his vehicle.  The defendant contracted with a hitman to murder his wife and at the meetings provided a firearm, controlled substances in the form of Adderall pills, and money for the crime to be committed, that included a promise to split the Family Savings Group Life Insurance (FSGLI) proceeds.  The defendant also procured a pre-paid cellular phone and communicated with the hitman.  The defendant admitted to the offense after his arrest and advisement of Miranda warnings.  Evidence recovered from the searches further establishes his guilt.

**III.    History and Characteristics (Title 18, United States Code, Section 3142(g)(3)).**

Relevant information is set forth in the Pretrial Services Report.  The defendant is on active duty in the United States Navy and from the case it is manifest that despite, 1.) the core values of the Navy of *honor, courage and commitment*, 2.) the creed of the enlisted sailor, and 3.) ethos of the naval service, the defendant schemed to murder his spouse and collect FSGLI proceeds offered by virtue of his service.   Moreover, he distributed Adderall proscribed to him by Navy Medicine, as partial payment for the Murder-For-Hire.

**IV.    Legal Argument**

Title 18, U.S.C. § 3142 (f)(1) provides that upon motion of the attorney for the government, in a case that involves a crime of violence, the judicial officer shall hold a detention hearing.   Title 18 U.S.C. § 3142(e) establishes that in any case under Title 18, U.S.C. § 3142(f)(1), a rebuttable presumption exists that a no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of *any other person* or of the community. The "violent-offender" presumption exists if probable cause is established. *See, United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988).   The presumption creates a burden of production upon the defendant but the burden of persuasion concerning concerning risk of flight and dangerousness remains with the government. *See, United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).   The defendant has the chance to rebut the presumption of dangerousness and the likelihood of flight. Any attempted introduction of evidence does not eliminate the presumption entirely. *See, United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("presumption is not a mere 'bursting bubble' that totally disappears from the judge's consideration after the defendant comes forward with evidence").   The presumption remains as one factor of many to be considered by the judicial officer in relation to the congressional

paradigm. *See, United States v. Palmer-Contreras*, 835 F.2d 15, 18 (1st Cir. 1987); *United States v. Williams*, 753 F.2d 329 (4th Cir. 1985) (court erred in failing to take into account drug dealing as a danger to the community). To properly rebut both presumptions, the defendant needs to show that "the specific nature of the crimes charged or ... something about their individual circumstances" establishes the defendant is not a danger or likely to flee. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

Title 18, U.S.C. § 3142(g) provides factors that the judicial officer shall--in determining whether there are conditions or release that will reasonably assure the appearance of the defendant or the safety of any other person or the community--take into account the available information concerning (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## V. Detention of this Dangerous Defendant who also Poses a Flight Risk (Title 18, United States Code, Section 3142(g)(4)).

Under the factors set forth in 18 U.S.C. 3142(g), detention should be ordered. First, the nature of the offense involves the defendant hiring a hitman to murder his spouse. Second, the defendant also transferred a firearm during and in relation to the offense. Third, the defendant also distributed controlled substances as part of the offense. Fourth, the weight of the evidence is strong and includes evidence from two searches, the defendant's admissions, and testimony from a cooperating informant and an undercover agent.

It is beyond arguable dispute that the use of a communication facility in the commission

of murder-for-hire establishes the defendant is a danger to *another person* or the community.[1] It is beyond arguable dispute that the transfer of a firearm to commit such a crime further solidifies the dangerous nature of the defendant. Add to that the longstanding view that distributing drugs alone establishes he is a danger to the community.[2] Moreover, the defendant advisory guideline for Murder-For-Hire is significant. He faces 121-151 months for the Murder-For-Hire charge and also faces potential indictment on firearm offenses, for which the defendant faces at least 60 months imprisonment, consecutive. Further, the defendant faces indictment for distributing drugs as well. The defendant faces significant incarceration and has an added incentive to flee.

**VI. Conclusion**

The defendant should be detained pending the trial in this case.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: /s/
Kevin M. Comstock
Assistant United States Attorney
Virginia State Bar 39460
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - (757) 441-6331
Facsimile Number - (757) 441-6689
Email Address: Kevin.Comstock@usdoj.gov

---

[1] The current allegations show he is a danger a danger to the community. *United States v. Rodriguez*, 950 F.2d 85, 88 (2nd Cir. 1991) (district court erred in erred in holding that evidence of defendant's violence was irrelevant because it was unconnected to his charged drug offense); *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990).

[2] *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985) (district court erred in failing to take into account that drug dealing is a danger to the community).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ESF system, which will send notification of such filing (NEF) to counsel of record who is assigned to this case.

By:      /s/
Kevin M. Comstock
Assistant United States Attorney
Virginia State Bar 39460
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - (757) 441-6331
Facsimile Number - (757) 441-6689
Email Address: Kevin.Comstock@usdoj.gov